PHILLIP A. TALBERT
United States Attorney
BRENDON L.S. HANSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2780
Facsimile: (916) 554-2900

Attorneys for Defendant
THOMAS J. VILSACK, in his official
capacity as Secretary of the United States
Department of Agriculture

CASEY G. LOWE (SBN 354186)
The Law Office of Casey G. Lowe
2604 Sean Way
Mount Shasta, CA 96067
Telephone: (858) 736-7561
Email: lowe.casey@gmail.com

Self-represented Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY G. LOWE, | CASE NO. 2:24-cv-01287-DMC |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, | |
| Defendants. | |

Pursuant to the Court's Order, ECF No. 17, and under Local Rule 240, Plaintiff Casey Lowe, proceeding *pro se*, and Defendant Thomas Vilsack, in his official capacity as Secretary of the United States Department of Agriculture, submit this Joint Status Report.

1    <u>Plaintiff's Statement</u>: Plaintiff filed this Title VII religious discrimination action alleging that

2    Defendant subjected Plaintiff to retaliation and discrimination because Plaintiff engaged in protected

3    EEO activity by requesting a reasonable accommodation to Defendant's vaccination mandate, and by

4    filing a formal EEO complaint against Defendant.

5    Plaintiff states that he lived in constant stress and anxiety, that Defendant withheld Plaintiff's

6    work computer system until well after his start date, that Defendant terminated his health insurance on

7    two occasions, that Defendant withheld the requested software Adobe Acrobat DC Pro with which every

8    other Contract Specialist on his team was provided, and that Defendant withheld Plaintiff's first and

9    final paychecks as a result of discrimination Defendant inflicted upon Plaintiff because Plaintiff's

10   sincerely held religious beliefs preclude vaccination.  Plaintiff also alleges that Defendant constructively

11   discharged Plaintiff because of the hostile work environment to which Defendant subjected him.

12   Plaintiff asserts causes of action under Title VII for Retaliation, Disparate Treatment, Hostile Work

13   Environment, and Constructive Discharge.

14   <u>Defendant's Statement</u>: Defendant denies liability and damages.

15   **1.      Status of Service.**

16   Thomas Vilsack, as secretary of the Department of Agriculture, is now the only defendant in this

17   action and has been properly served.

18   **2.      Jurisdiction and Venue.**

19   Plaintiff alleges that jurisdiction is proper under 28 U.S.C. §§ 1331, 1346, and 1361.  Defendant

20   admits that jurisdiction is proper under 28 U.S.C. § 1331.

21   The parties agree that venue is proper in this district under 28 U.S.C. § 1391(e)(1).

22   **3.      Other Procedures.**

23   None.

24   **4.      Joinder of Additional Parties and Amendment of Pleadings.**

25   None at this time.

26   **5.      Simplification of Issues.**

27   The parties are unaware how this matter may be simplified at this time.

28   ///

**6.      Variance from Usual Filing and Service Requirements.**

None at this time.

**7.      Anticipated Motions and Scheduling of Motions.**

The parties propose the scheduling of motions set forth in Section 11.  Defendant anticipates moving for summary judgment and/or adjudication.

**8.      Anticipated Discovery and Scheduling of Discovery.**

1.      Rule 26(a) Initial Disclosures.

See Section 11.

2.      Subjects of Discovery.

Plaintiff anticipates discovery will be required related to Defendant's claims and defenses. Plaintiff will also require discovery from Defendant's expert witnesses, if any.

Defendant anticipates that discovery will be needed on the following topics: the facts and circumstances surrounding Plaintiff's alleged constructive discharge from his employment, the nature, extent, responsibility and/or cause of Plaintiff's alleged injuries and damages; and Plaintiff's mitigation of damages.

3.      Limitations/agreements re Discovery.

At this time, the parties do not propose changes to the limits on discovery. The parties reserve the right to seek such changes, but will meet and confer to try to resolve this issue and submit a stipulation before requesting the Court's involvement.

The parties agree to accept service via e-mail and the Department of Justice's cloud-based filesharing platform, USAfx, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

4.      Production of Electronically Stored Information.

The parties agree that the form in which documents are produced will be governed by Rule 34(b)(2)(E). The parties have agreed that electronically-stored documents may be produced in PDF format, with the requesting party reserving the right to request native format.

5.      Expert Witnesses.

See Section 11.

///

**9.      Avoidance of Unnecessary Proof.**

The parties are not presently aware of any additional methods that can be used to avoid unnecessary proof and cumulative evidence, or of any anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702.

**10.      Possibility of Admissions and Stipulations.**

It is unknown at this time what admissions and stipulations, if any, may be appropriate.

**11.      Future Proceedings, Including Cut-Off Dates for Discovery and Law and Motion and Scheduling of Pretrial Conference/Trial.**

The parties propose the following alternative schedules:

| Event | Defendant's Proposed Deadlines | Plaintiff's Proposed Deadlines |
|---|---|---|
| Rule 26(a)(1) Disclosures | October 4, 2024 | September 19, 2024 |
| Fact Discovery Cut-Off | October 3, 2025 | May 23, 2025 |
| Plaintiff's Expert Disclosures | November 7, 2025 | June 27, 2025 |
| Defendant's Expert Disclosures | January 9, 2026 | June 27, 2025 |
| Rebuttal Expert Disclosures | March 6, 2026 | August 22, 2025 |
| Expert Discovery Cut-Off | April 10, 2026 | September 5, 2025 |
| Dispositive Motion Filing Deadline | June 26, 2026 | October 3, 2025 |
| Pre-Trial Conference | September 2026 | December 2025 |
| Trial (5 Court Days) | October 2026 | January 2026 |

<u>Plaintiff's Statement</u>: Plaintiff respectfully contends that the subject litigation is not complex, and observes that it involves only one Defendant. Additionally, Plaintiff intends to utilize a maximum of one expert, and Defendant was unprepared to state whether Defendant intends to utilize any experts at all. Nor was Defendant prepared to state how many depositions Defendant intends to take.

*///*

Moreover, Plaintiff's proposed deadline for Rule 26(a)(1) disclosures is based on the timeline set forth in FRCP 26(a)(1)(C) because the parties met and conferred on September 5, 2024, pursuant to Rule 26(f). Plaintiff also observes that he stipulated to an extension of time pursuant to Local Rule 144(a) as a gesture of good faith.

However, Defendant seemed unprepared to discuss scheduling or discovery details at the 26(f) Conference despite that additional time. Plaintiff also offered to stipulate to a maximum of five non-expert depositions in exchange for an eight-month fact discovery period, but Defendant declined that good faith offer.

Furthermore, Plaintiff does not intend to amend the pleadings in this case. Rather, Plaintiff inquired as to whether Defendant may theoretically stipulate to such an amendment in the event that Plaintiff's final EEO complaint is not resolved administratively.

Finally, Plaintiff respectfully disputes Defendant's statement that Plaintiff intends to "exchange voluminous written discovery" because Plaintiff made no such statement. Thus, Plaintiff respectfully contends that eight months of fact discovery are sufficient, and that an expedited expert discovery period is justified.

<u>Defendant's Statement</u>: Plaintiff has stated that he intends to take upwards of seven depositions and exchange voluminous written discovery.  Plaintiff has also stated that he has a third EEO complaint that is currently pending at the administrative level that may need to be addressed in this action, and so the pleadings may still be unsettled.  There is no need for Plaintiff's proposed expedited schedule for this matter.  The more typical scheduling and deadlines for this Title VII action proposed by Defendant is appropriate.

**12.    Appropriateness of Special Procedures.**

None at this time.

**13.    Appropriateness of Separate Trials.**

None at this time.

///

**14.    Appropriateness of a Party Presenting Evidence Early.**

None at this time.

**15.    Modification of Standard Pretrial Procedures.**

None at this time.

**16.    Timing for Settlement Discussions.**

Plaintiff stands ready to engage with Defendant in productive settlement discussions.

Defendant states that it is unknown at this time when or if settlement discussions may be appropriate.

**17.    Appropriateness of VDRP or ADR.**

Plaintiff stands ready to engage in the Voluntary Dispute Resolution Program to the extent that such participation would be productive.

Defendant states that it is unknown this time when or if participation in the VDRP or ADR may be appropriate.

**18.    Other Matters.**

Defendant states that at the Rule 26(f) conference, Plaintiff stated that there is a third EEO complaint that he filed and Plaintiff requested Defendant's position regarding a stipulation to amend the complaint to include the third EEO complaint in this action.

Dated:  September 10, 2024

PHILLIP A. TALBERT
United States Attorney

By: _____
BRENDON L.S. HANSEN
Assistant United States Attorney

Dated:  September_10_, 2024

/s/ *Casey G. Lowe*
_____
CASEY G. LOWE (SBN 354186)
*Pro se* Plaintiff