1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CASEY LOWE,                                    No.  2:24-CV-1287-DMC

12                    Plaintiff,

13        v.                                         <u>ORDER</u>

14   THOMAS J. VILSACK,

15                    Defendant.

16

17            Plaintiff brings this civil action.  Pursuant to the written consent of all parties, this

18   case is before the undersigned as the presiding judge for all purposes, including entry of final

19   judgment.  <u>See</u> 28 U.S.C. § 636(c); <u>see</u> <u>also</u> ECF No. 12 (minute order reassigning action).

20   Pending before the Court is Plaintiff's motion to compel. <u>See</u> ECF No. 22.

21

22                              **I. BACKGROUND**

23            Initial disclosures were due by October 16, 2024, and non-expert discovery closes

24   November 7, 2025. <u>See</u> ECF No. 20.  Parties participated in an informal discovery conference on

25   February 18, 2025. <u>See</u> ECF No. 21. There, parties agreed to conduct informal conferences

26   between themselves before filing motions to compel. Plaintiff filed the pending motion on May

27   2, 2025. <u>See</u> ECF No. 22. Generally, Defendant contends that this motion is premature because

28   Plaintiff did not attempt to resolve the issue with Defendant before filing this motion and the

                                          1

1    requested "discovery is not proportional to the needs of this case." ECF No. 23, pg. 23.

2

3                                        **II. DISCUSSION**

4            Plaintiff served the first set of interrogatories, Requests for Admission, and

5    Requests for Production in October 2024. See ECF No. 23, pg. 1. Defendant an extension for

6    responses to Plaintiff's first set of Requests for Production, which, according to Plaintiff, Plaintiff

7    agreed to and Defendant responded on December 27, 2025. See id. Plaintiff asserts that "many of

8    Defendant's responses were evasive, incomplete, and riddled with factual inaccuracies that were

9    at odds with the evidence contained in both parties' initial disclosures." Id. at 2. Parties ultimately

10   raised these issues at an informal discovery conference on February 18, 2025, where parties were

11   directed to meet and confer to resolve discovery disputes. Id. Plaintiff contends that while

12   Defendant complied with the Court's March 20, 2025, deadline to respond, "those responses

13   contained the same sort of evasive, incomplete, and factually inaccurate answers as the previous

14   versions." Id. Plaintiff asserts that he reached out to Defendant ten times to set up a time to meet

15   and confer to resolve these issues, but Defendant did not respond until Plaintiff indicated he

16   would request another informal discovery conference. See id. at 3. Plaintiff asserts that parties

17   met on April 16, 2025, Plaintiff provided a detailed letter describing the deficiencies Plaintiff

18   wanted addressed, and Defendant ultimately agreed to respond to those deficiencies by April 23,

19   2025. See id. Plaintiff contends that Defendant did not respond until the evening on April 28,

20   2025 with a "brief email indicating that Defendant would not respond further to Plaintiff's

21   requests." See id.

22            Defendant asserts that Plaintiff's discovery requests are a "fishing expedition to

23   support tenuous claims" and the requests are not proportional to the needs of this case, and have

24   placed a heavy burden on the defense in the face of reduced resources." Id. at 4. Additionally,

25   Defendant asserts that this motion to compel is "untimely" because the Court directed parties to

26   resolve discovery issues with informal discovery conferences and disputes Plaintiff's description

27   of their meet and confer process. Id. At issue are the following discovery requests:

28   / / /

| | |
|---|---|
| Interrogatory No. 5 | Explain in detail why Plaintiff's Federal Employee Health Benefits (FEHB) were terminated effective July 2, 2022. <u>Id.</u> at 5. |
| Interrogatory No. 6 | Explain in detail why FEHB premiums continued to be deducted from Plaintiff's wages between July 2, 2022, and November 17, 2022, a period during which Plaintiff's FEHB were terminated. <u>Id.</u> at 7. |
| Interrogatory No. 7 | Identify the final location where the funds intended for Plaintiff's FEHB premiums, which were deducted from Plaintiff's wages between July 2, 2022, and November 17, 2022, were deposited. <u>Id.</u> |
| Interrogatory No. 12 | Explain in detail why the agency failed to issue Plaintiff a work computer for over six (6) weeks after Plaintiff's start date. <u>Id.</u> at 8. |
| Interrogatory No. 20 | Identify all Safer Federal Workforce Task Force members who were responsible for issuing guidance to Defendant including their title within the Safer Federal Workforce Task Force. <u>Id.</u> at 10. |
| Interrogatory No. 21 | Explain in detail why Gregory Wilde declined to provide Siskiyou County with requested information regarding Plaintiff's employment with Defendant. <u>Id.</u> at 12. |
| Interrogatory No. 22 | Explain in detail why Defendant enrolled remote employees in its COVID-19 Screening Testing Program. <u>Id.</u> at 23. |
| Request for Production No. 26 | All documents, discussions, communications, policies, and electronic media relating to Defendant's treatment of unvaccinated employees. <u>Id.</u> at 15. |
| Requests for Production Nos. 35-53 | All documents, discussions, communications, and electronic media related to the Safer Federal Workforce Task Force's "revised model safety principles" referenced on the Bates-stamped page US_003476 of Defendant's document production. <u>Id.</u> |
| Request for Admission No. 1 | Admit that both vaccinated and unvaccinated individuals can contract and transmit the SARSCoV-2 virus that causes COVID-19. <u>Id.</u> at 19. |
| Request for Admission No. 14 | Admit that Defendant refused to issue a statement, at Plaintiff's request, acknowledging the fact that both vaccinated and unvaccinated individuals are capable of contracting and transmitting the SARS-CoV-2 virus that causes COVID-19. <u>Id.</u> at 20. |
| Request for Admission No. 29 | Admit that Defendant enrolled remote employees in its COVID-19 Screening Testing Program. <u>Id.</u> at 21. |

1

2

    **A.**      **Availability of Attorney's Fees for Pro Se Litigants**

           Plaintiff contends that awarding attorney's fees to pro se litigants is within the

court's inherent power, citing two Eastern District orders in support. See ECF No. 20, pg. 32

(2:24-cv-1689-DMC) (citing Jacobs v. Scribner, No. 1:06-cv-01280-AWI-GSA-PC, 2011 U.S.

Dist. LEXIS 4297, at *2-3 (E.D. Cal. Jan. 11, 2011) and Timberland v. Mascarenas, No. 1:16-cv-

00922-, 2020 U.S. Dist. LEXIS 47228, at *7-8 (E.D. Cal. Mar. 18, 2020). In Timberland, the

Court found that

> with respect to pro se litigants, including those that are licensed attorneys, the general rule is that attorneys' fees are not a payable 'expense' under Rule 37 'as there is no direct financial cost or charge associated with the expenditure of one's own time' . . . the 'reasonable expenses' awardable under Rule 37 do include, however, 'actual costs incurred as a result of misconduct.'

> Id.  (quoting Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375 (Fed. Cir. 2002).

           Thus, Plaintiff is not entitled to attorney's fees and the undersigned will deny

Plaintiff's request to award attorney's fees.

    **B.**      **Interrogatory Nos. 5, 6, 7, 12, 21, and 22**

           1.      Interrogatory Nos. 5, 6, and 7

           In response to Interrogatory Nos. 5, 6, and 7, Defendant asserts that the

interrogatory "rests on an inaccurate premise." Id. at 5-7. Without waiving that objection,

Defendant responds to Interrogatory No. 5:

>         Defendant states that the Plaintiff's Health Insurance Carrier received a system generated correction that removed Plaintiff from Post-Tax Deduction election. However, the Carrier did not receive the updated correction that enrolled the Complainant in the Pre-Tax Deduction election. This discrepancy caused the Carrier to interpret this as a cancellation. Plaintiff's health insurance benefits were not terminated, and his health insurance coverage and benefits continued during this period.

> Id. at 5.

/ / /

/ / /

/ / /

/ / /

4

1

As to Interrogatory No. 6, Defendant responds without waiving the objection,

2

3

4

5

Defendant states that Plaintiff's health insurance benefits were not terminated. This was an error on the part of Plaintiff's Health Insurance Carrier following a correction process within the HRM after Plaintiff had been incorrectly enrolled in a Non-Premium Conversion Plan (Post-tax deduction) instead of a Premium Conversion Plan (Pre-tax deduction). Consequently, Plaintiff's health insurance deductions continued as they would for any enrolled employee, thus maintaining health insurance coverage during this period.

6

Id. at 7.

7

8

As to Interrogatory No. 7, Defendant responded "the deductions from Plaintiff's

9

health insurance premiums were paid to Plaintiff's Health Insurance Carrier." Id. at 8. Plaintiff

10

asserts that Defendant's responses to Interrogatory Nos. 5, 6, and 7 are "evasive, incomplete, and

11

demonstrably false based on the evidence." Id. at 6. Plaintiff provides Exhibits 19, 20, 21, and 22

12

to show that Plaintiff's health insurance provider stated that his policy was cancelled due to the

13

termination of employment. See id. Plaintiff requests that the Court "order Defendant to amend

14

his demonstrably false response to this interrogatory and impose sanctions pursuant to Rule 37."

15

Id. at 6. Defendant maintains these interrogatories "rest[] on [an] inaccurate premise." Id. at 7.

16

To the extent that Defendant's responses conflict with Plaintiff's evidence, parties

17

are reminded that Defendant is bound to these responses and such responses can be used

18

throughout litigation, including but not limited to for purposes of impeachment to the extent there

19

exists discrepancies in various responses. However, conflicting responses are not the basis for a

20

discovery dispute. Finding Defendant's response to Interrogatories 5, 6, and 7 adequate, the

21

undersigned will deny Plaintiff's motion to compel as to those requests.

22

2.    Interrogatory No. 12

23

Defendant's supplementary response to Interrogatory No. 12 was:

24

25

26

27

28

Matthew Gagnon ("Gagnon") Plaintiff's first line supervisor at the time of this onboarding, submitted a ticket before Plaintiff's onboarding date through the online ordering tool, but the system did not allow or accept the order. On or around February 16, 2022, Mr. Gagnon was able to successfully submit the ticket for issuance of Plaintiff's laptop through the online ordering tool. Mr. Gagnon was tracking the shipping information and noticed it would not generate a shipping date, so he sent several emails and submitted a helpdesk ticket to try and resolve the issue. On March 10th, 2022, Mr. Gagnon submitted the issue to the Depot Support Group Email, eventually reaching the Depot Operations Group Manager Dennis O'Brien to determine the reasons for the delay in the issuance of Plaintiff's

5

computer. After several emails with computer depot staff and no results, Mr. Gagnon elevated the issue to seek resolution, until the computer was finally shipped and received by Plaintiff.

The delay was due to the backlog experienced during that time in the USDA Enterprise Depot since Plaintiff's computer had been sent for imaging on March 3, 2022, and was not finalized and ready for shipment until March 31, 2022.

Id. at 9.

Plaintiff asserts that he "reasonably expects the disclosure of "further information" supporting Defendant's change in response from speculative to declarative" because Defendant changed the response by removing "it appears" from the second paragraph and indicated in their initial response that Defendant would amend the response if they received further information. Id. at 8-9. Plaintiff contends that if Defendant was able to confirm the reason for the delay, and thus remove the conditional "it appears," Defendant must have new information that Defendant has not disclosed to Plaintiff. Id. Defendant maintains this response is full and that Plaintiff is now requesting response to a new interrogatory and Plaintiff should use a deposition to learn more. Id.

Finding Defendant provided an adequate response to Interrogatory No. 12, the undersigned will deny Plaintiff's motion to compel as to this request.

3.      Interrogatory No. 21

Defendant contends that Interrogatory No. 21 is irrelevant but, not waiving that objection, responds "Mr. Wilde confirmed to Siskiyou County that Plaintiff worked at the Forest Service. However, Mr. Wilde declined to provide further information." Id. at 12. Plaintiff argues the information is relevant because it "tends to make the fact that Defendant sabotaged Plaintiff's good faith attempt to mitigate his damages more or less probable than it would be without the evidence . . . [and] serves as evidence of Defendant's ongoing retaliatory conduct towards Plaintiff, which continues to damage Plaintiff's career and reputation." Id. at 13.

The Court finds Interrogatory No. 21 is relevant and Defendant's responses deficient. Assuming Mr. Wilde is an employee of Defendant, the undersigned will grant Plaintiff's motion to compel as to Interrogatory No. 21 and Defendant will have 30 days from the signing of this order to supplement their response to Interrogatory No. 21.

///

6

1          4.      Interrogatory No. 22

2          Defendant asserts that Interrogatory No. 22 "lacks foundation and is vague,

3   ambiguous, and both too broad and too narrow." Id. at 14. Notwithstanding that objection,

4   Defendant responds "under the USDA COVID-19 Screening Testing Guidance issued on April

5   28, 2022, remote employees who never reported to a facility or worksite were not required to take

6   routine screening tests." Id. Plaintiff asserts that this response is "evasive, incomplete, and

7   nonresponsive" because it contradicts emails that Plaintiff received from Defendant, as recorded

8   in the Record of Investigation, that stated that Plaintiff "'will be required to submit to testing

9   when conditions warrant.'" Id. Further, Plaintiff asserts that this response is evasive because

10  Plaintiff asked *why* Defendant took this action and Defendant responded to "a question Plaintiff

11  never asked regarding routine screening tests." Id. Defendant maintains that the interrogatory

12  relies on a false premise and therefore, Defendant raised that objection and responded by

13  providing their understanding of the requirements, which differed from Plaintiff's. See id. at 15.

14  Defendant contends that

15          Consistent with the COVID-19 Screening Testing Guidance for USDA
            Employees issued on April 28, 2022, Plaintiff was never required to submit to
16          routine testing because he worked a fully-remote position. Additionally, the
            response provides the requested information, despite the objectionable nature of
17          the interrogatory, and fully responds to Plaintiff's interrogatory."

18          Id.

19          Finding Defendant provided an adequate response to Interrogatory No. 22, the

20  undersigned will deny Plaintiff's motion to compel as to this request.

21      **C.      Interrogatory No. 20 and Requests for Production Nos. 35-53**

22          In response to Interrogatory No. 20 and Requests for Production Nos. 35-53,

23  Defendant asserts that the requests require response from "the Safer Federal Workforce Task

24  Force [which] is not an agency of Defendant" and, therefore, responsive information or

25  documents "are not in the possession, custody and/or control of Defendant." Id. at 10, 17, and

26  145-151. As to Interrogatory No. 20, Defendant additionally asserts that the request is irrelevant

27  / / /

28  / / /

1    and, without waiving those objections, answers:

2            The Safer Federal Workforce Task Force was created by Executive Order
        13991 of January 20, 2021. Section 4 of the Executive Order stated that the Task
3       Force shall consist of the Director of OPM, the Administrator of General Services,
        the COVID–19 Response Coordinator, the Director of OMB, the Director of the
4       Federal Protective Service, the Director of the United States Secret Service, the
        Administrator of the Federal Emergency Management Agency, the Director of
5       CDC, the heads of such other agencies as the Co-Chairs may individually or
        jointly invite to participate.
6       Id. at 10-11.

7           Plaintiff contends such request is relevant because the Safer Federal Workforce

8    Task Force (SFWTF)

9            members who issued guidance to Defendant have direct knowledge regarding the
        purpose and intent of Defendant's pandemic policies . . . [and] information that
10      would make Plaintiff's contention that Defendant's claimed non-discriminatory
        purpose for its policies targeting unvaccinated employees was mere pretext for
11      discriminating against employees like Plaintiff whose sincerely held religious
        beliefs preclude vaccination.
12      Id. at 11.

13          Plaintiff further asserts the interrogatory does not seek internal information to

14   SFWTF but just the identity of the members involved in providing guidance to Defendant, which

15   would allow Plaintiff to depose those individuals. Id. at 11. Defendant contends that because

16   SFWTF is outside the Department of Agriculture, Defendant "cannot be expected to account for

17   the members, and changing members, of a task force not within its purview." Id. at 12. Further,

18   Defendant asserts that if Plaintiff needs more information "Plaintiff should seek such information

19   from that task force either by subpoena or deposition. Such information may also be publicly

20   available." Id. at 12.

21          In the joint statement, Plaintiff provided Request for Production No. 35 as an

22   exemplar of Defendant's responses and Plaintiff's position for all Requests for Production Nos.

23   35-53. See 17-19. In addition to asserting that responsive documents "are not in the possession,

24   custody and/or control of Defendant," Defendant objects to Requests for Production Nos. 35-53,

25   asserting they are "overbroad, burdensome, vague, and irrelevant to the parties claims or

26   defenses." Id. at 17 and 145-151.

27   / / /

28   / / /

8

1    Plaintiff contends that the requested documents are relevant because they

2    will shed light on the purpose, intent, and scientific basis of Defendant's pandemic
     policies . . . [and] contain information that would make Plaintiff's contention that
3    Defendant's claimed non-discriminatory purpose for its policies targeting
     unvaccinated employees was mere pretext for discriminating against employees
4    like Plaintiff whose sincerely held religious beliefs preclude vaccination.

5    <u>Id.</u> at 18.

6    Plaintiff asserts that it is "disingenuous" for Defendant to claim the responsive

7    documents are not in their possession, custody, and/or control, or at least the "legal right to obtain

8    the requested documents" because Defendant stated in their response to RFP No. 1 that SFWTF

9    documents "formed the basis of Defendant's COVID-19 mitigation strategies and policies." <u>Id.</u> at

10   18. Plaintiff asserts that his RFP's "cited the specific Bates-numbered paged in Defendant's

11   document production that reference the requested documents." <u>Id.</u>  Further, Plaintiff contends that

12   these requests were "narrowly tailored . . . to specific documents that Defendant identified." <u>Id.</u>

13   Finally, Plaintiff contends that "Defendant's use of boilerplate objections to these requests

14   constitutes yet another example of bad faith gamesmanship on Defendant's part." <u>Id.</u> at 18.

15   Defendant maintains that these documents are outside their control and if Plaintiff would like

16   additional information, Plaintiff should pursue these records via subpoena or deposition. <u>See</u> <u>id.</u>

17   Given the phraseology used in Interrogatory No 20, this request seeks information

18   outside of Defendant's control. Therefore, the undersigned will deny Plaintiff's motion to compel

19   as to that request. As to the Requests for Production Nos. 35-53, Defendant's document

20   production, at the Bates Stamped documents Plaintiff cited, indicates Defendant may have

21   responsive documents within their control. Thus, the undersigned will grant Plaintiff's motion to

22   compel and direct Defendant to produce all responsive documents within 30 days of this order.

23   Parties are reminded that if Defendant confirms there is no other responsive documents in their

24   possession, Defendant is bound to that response and such response can be used throughout

25   litigation or raised as an evidentiary issue but is not the basis of a discovery dispute.

26   / / /

27   / / /

28   / / /

9

1

       **D.**       **Request for Production No. 26**

2

       Defendant objects to Request for Production No. 26, asserting the request is

3 "overbroad, burdensome, and vague as to the phrase 'treatment of the unvaccinated.'" Id. at 15.

4 Without waiving that objection, Defendant responds, directing Plaintiff to "Report of

5 Investigation for EEO Complaint Agency No. FS-2023-00526, pages 513-514, 576-581." Id.

6 Plaintiff contends that Defendant changed the language from "unvaccinated employees" to "the

7 unvaccinated" in an effort to make the "request appear overbroad, burdensome, and vague." Id. at

8 15-16. Additionally, Plaintiff assets that "the term 'the unvaccinated' is often used as a pejorative

9 to demean unvaccinated individuals mak[ing] Defendant's conduct even more egregious" and

10 indicative of bad faith. Id. at 16. Defendant contends that Defendant "clarified on April 28, 2025

11 that the omission of the final word 'employees' was a typo," maintains their objection, and asserts

12 that "no known documents have been withheld." Id.

13

       Parties are reminded that they are bound to their responses in discovery and

14 therefore, Defendant is bound to their representation that no known documents have been

15 withheld. As such, Plaintiff's motion to compel as to this request is denied.

16

       **E.**       **Requests for Admission Nos. 1, 14, and 29**

17

       Defendant objected to Plaintiff's Request for Admission No. 1, asserting that the

18 request "is compound and seeks an expert opinion." Id. at 19.  Plaintiff contends that "this fact is

19 easily verified by even the most cursory investigation, and is acknowledged by the CDC, HHS,

20 and NIH." Id. at 20. Further, Plaintiff asserts that he will request that the Court "take judicial

21 notice of the fact that both vaccinated and unvaccinated individuals can contract and transmit the

22 SARS-CoV-2 virus that causes COVID-19." Id.

23

       Defendant responded "Denied." to Plaintiff's Requests for Admission Nos. 14 and

24 29. Id. at 20-22. As to Request for Admission (RFA) No. 14, Plaintiff contends that "Defendant's

25 response is again at odds with the facts in evidence" and Defendant's "refusal [to admit RFA No.

26 14] constitutes yet another instance of bad faith gamesmanship on Defendant's part." Id. at 21.

27 Defendant maintains that "Plaintiff's disagreement with the response can never warrant a further

28 response and the remedy is not for a further response to this request." Id. As to Request for

1  Admission No. 29, Plaintiff asserts that "Defendant's response to this request is again

2  demonstrably false based on the facts in evidence." Id. at 22. Plaintiff cites to the Record of

3  Investigation as such facts in evidence. Thus, Plaintiff concludes this response is "offered in bad

4  faith." Id.

5          Plaintiff is reminded that this motion to compel is intended to address discovery

6  issues, it is not an evidentiary hearing. Parties are bound to their responses and any evidentiary

7  issues present opportunity to impeach or otherwise used during the course of litigation. As such,

8  the Court will deny Plaintiff's motion to compel as to these requests.

9

10                              **III. CONCLUSION**

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.      Plaintiff's motion to compel is denied as to Interrogatory Nos. 5, 6, 7, 12,

13  20, and 22; Request for Production No. 26, and Requests for Admission Nos. 1, 14, and

14  29.

15          2.      Plaintiff's motion to compel is granted as to Interrogatory No. 21 and

16  Defendant is directed to supplement their response within 30 days of this order.

17          3.      Plaintiff's motion to compel is granted as to Requests for Production Nos.

18  35-53 and Defendant is directed to produce responsive documents or advise Plaintiff if

19  there are no responsive documents within 30 days of this order.

20

21  Dated:  June 17, 2025

22                                          _____
                                            DENNIS M. COTA
23                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28