IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY LOWE,<br><br>           Plaintiff,<br><br>     v.<br><br>THOMAS J. VILSACK,<br><br>           Defendant. | No.  2:24-CV-1287-DMC<br><br><br>ORDER |

        Plaintiff brings this civil action.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 12 (minute order reassigning action).  Pending before the Court is Defendant's motion for administrative relief, ECF No. 49.

        Parties agreed to, and the Court ordered parties to appear at the Courthouse in Redding, California, to conduct Plaintiff's deposition on October 22, 2025. See ECF No. 33. Due to the lapse in government funding, the matter was stayed, and the schedule was reset. See ECF Nos. 41 and 43. Despite Plaintiff's request to conduct the deposition via videoconference, ECF No. 42, the Court ordered that Defendant conduct Plaintiff's deposition in person at the Courthouse in Redding, California, on December 15, 2025. See ECF No. 43. This was necessitated by parties continued challenges to engage with one another in a professional manner and to accommodate Plaintiff living in Mount Shasta, California, while Defendant's counsel is

1  based in Sacramento, California.

2  On the evening of December 14, 2025, Defendant filed what the Court construed[1]
3  as a motion for administrative relief, requesting the Court to order Plaintiff's in-person
4  deposition, vacate and reset the schedule, and grant Defendant leave to amend the motion to seek
5  fees incurred from the cancelled December 15, 2025, deposition and fees associated with filing
6  the instant motion. See ECF No. 49. Plaintiff filed an opposition, stating that given the fact that
7  he made himself available via video, the deposition could have proceeded, and Defendant failed
8  to exercise due diligence in working with Plaintiff to change the format or reschedule the
9  deposition. See ECF No. 53. Plaintiff contends that Defendant's motion is procedurally defective
10 and opposes "any attempt to impose a deposition date on Plaintiff without a hearing or without
11 input from Plaintiff."[2] Id. at 4-5.

12 Plaintiff maintains that he began feeling sick on December 11, 2025, and received
13 a doctor's note on December 13, 2025, stating "Please allow to appear remotely d.t. illness." ECF
14 No. 49-1, pg. 11 and ECF No. 53-1, pgs. 10 and 21. Despite Plaintiff having this note on
15 December 13, 2025, Plaintiff never informed the Court of his intention to not comply with the
16 court ordered in-person deposition. Plaintiff emailed Defendant at 4:47 p.m. on Sunday,
17 December 14, 2025, informing Defendant that Plaintiff would not appear in Redding, as ordered,
18 for the deposition scheduled for the next morning, and proposed conducting the deposition via
19 video. See ECF No. 49-1, pgs. 19-20 and ECF No. 53-1, pg. 3. At 5:18 p.m. the same evening,
20 Defendant responded to Plaintiff's email, requesting confirmation by 6:PM that evening that
21 Plaintiff would not be present for the deposition the following day. ECF No. 49-1, pgs. 19-20.
22 ///

23

---

[1] Given the Court construed the instant motion as a motion for administrative relief pursuant to Rule 233, in part to allow Plaintiff opportunity to file an opposition, but Defendant filed the motion pursuant to Rule 144, any alleged Rule 233 procedural defects identified by Plaintiff do not provide a basis for denial of the instant motion.

[2] Despite the fact that Plaintiff already filed an opposition to Defendant's motion, ECF No. 50, the Court provided Plaintiff an additional five days to file an opposition, in accordance with Local Rule 233, ECF No. 51. Thus, the Court finds that Plaintiff was given an opportunity to provide his input on this matter and did so by filing an opposition, ECF No. 53.

        Due to the late notice provided by Plaintiff, Defendant's videographer arrived at the Redding Courthouse at 8:00 a.m. and set up his equipment. The Court did not become aware that the deposition was cancelled, or of Plaintiff's request to change the format of the deposition until seeing Defendant's instant motion. Defendant likely incurred costs due to the late cancellation for the videographer and court reporter. See ECF No. 49, pgs. 5-6.

        This Court has spent much time mediating parties' disputes throughout this action and is disappointed in both parties' inability to conduct themselves with professionalism and civility. Plaintiff never informed the Court of his intention to defy, or make changes to, the Court's order to appear in-person in Redding. Though the Court understands that illness is never planned and may provide a sufficient reason for Plaintiff to not appear in-person, it was Plaintiff's duty to inform the Court and request relief from the order to appear. This is especially concerning given the deposition was set at the Redding Courthouse, in an effort to provide support due to parties' challenges. Aside from seeking to change obligations imposed by the Court without requesting relief from this Court, failure to inform the Court was inconsiderate of the Court's time and resources as security had prepared to stay late, a room was set aside for the deposition, and the Court calendar was arranged to accommodate the in-person deposition.

        Plaintiff contends that Defendant "repudiated Plaintiff's good faith offer to proceed with his deposition via Zoom despite Plaintiff's illness." ECF No. 53, pg. 4. The Court finds both parties did not engage in good faith. Plaintiff waited to inform Defendant until Sunday, December 14, 2025, the evening before the deposition, despite feeling sick December 11, 2025, and seeing a doctor on December 13, 2025. Thus, Plaintiff failed to demonstrate good faith in informing Defendant of the changed circumstances, as the circumstances changed. Defendant emailed Plaintiff and Court staff about the timing of the deposition on December 12, 2025, and Plaintiff provided no indication that he may be too sick to attend or would otherwise be seeking to change the format of the deposition. See ECF No. 49-1, pgs. 8-10. Plaintiff contends he was ready to conduct the deposition via Zoom and the deposition was only cancelled because of "Defendant's refusal to engage with Plaintiff to accomplish that deposition." Id. at 4. However, Plaintiff was ordered to appear for an in-person deposition and provided the request to change the

format at the last-minute, despite getting a doctors note a day before. Neither party was exercising due diligence in accomplishing the deposition as ordered.

Given the videographer and court reporter were scheduled to conduct an in-person deposition, a request to change the deposition to Zoom at 4:47 p.m. the night before, a Sunday, left Defendant with limited options, and such a last-minute change would likely still incur additional costs. The Court finds that Defendant's decision to not drive to Redding for the deposition reduced costs but Defendant may have incurred unnecessary costs due to the late notice. Accordingly, Defendant will have thirty days from this order to file a supplemental motion for reasonable costs for the late cancellation of the videographer and court reporter, if Defendant is seeking such relief, and Plaintiff will have fourteen days to oppose that motion, in accordance with Local Rule 230.

The Court agrees with Plaintiff that extending all deadlines in this case is not necessary and would cause undue delay in the proceedings. Thus, the undersigned will grant in part Defendant's request for administrative relief, ordering the in-person deposition of Plaintiff, and deny in part, extending fact discovery only as to Plaintiff's deposition, keeping all other dates and deadlines as ordered in ECF No. 43.

The Court will order parties to select a date, on or before January 16, 2026, to conduct Plaintiff's in-person deposition at the Redding Courthouse or mutually agree to an alternative. Due to the Court's schedule, the deposition at the Redding Courthouse cannot be January 6, January 12, or January 13, 2026. All other weekdays from January 5, 2026, through January 16, 2026, are available. Parties are to inform the Court of the date and time that the deposition will be held at the Redding Courthouse, or a mutual agreement otherwise, by January 1, 2026.

All other aspects of fact-discovery are closed as of December 19, 2025, and subsequent dates and deadlines remain in accordance with the court's amended scheduling order, ECF No. 43. Any further efforts to extend deadlines, without showing good faith and due diligence, or any further occurrence of the parties' failure to make a good faith effort to resolve discovery related issues may subject both parties to sanctions by this Court. The Court should not

be required to so closely mediate every step of the discovery process, as has happened here. Parties are directed to begin anew, conduct themselves professionally, and make every effort to only involve in the Court in disputes when no stipulation can be reached. Accordingly, it is hereby ORDERED:

1. Defendant's motion for administrative relief, ECF No. 49, is GRANTED IN PART AND DENIED IN PART as described herein;

2. Fact discovery is extended until January 16, 2026, only as to Plaintiff's deposition while all other dates and deadlines remain in effect, including the close of fact discovery as to all other aspects, in accordance with ECF No. 43;

3. Parties are ordered to conduct Plaintiff's deposition at the Redding Courthouse on or before January 16, 2026, excluding the dates the Court is unavailable (January 6, 12, and 13, 2026), unless parties agree otherwise;

4. Parties must inform the Court what day they will be conducting the deposition in Redding, or of an agreement otherwise, on or before January 1, 2026;

5. If Defendant is seeking costs incurred from the late cancellation of the videographer and court reporter, Defendant is directed to file a supplemental motion for reasonable costs within thirty days of this order;

6. All deadlines associated with a supplemental motion for costs will be in accordance with Local Rule 230 (Plaintiff shall have fourteen days to oppose and Defendant may file a reply to Plaintiff's opposition within ten days);

7. A supplemental motion for costs will be submitted on the record unless the Court determines a hearing is necessary pursuant to Local Rule 230 (g); and

8. The Court denies Defendant's request to amend or file an additional motion seeking costs of filing the instant motion.

Dated:  December 22, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE