**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| CASEY LOWE,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. VILSACK,<br><br>Defendant. | No.  2:24-CV-1287-DMC<br><br><br>ORDER |

Plaintiff brings this civil action.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 12 (minute order reassigning action). Pending before the Court is Defendant's motion for reasonable costs. See ECF No. 55. Plaintiff filed an opposition, ECF No. 57, and Defendant filed a reply, ECF No. 58.


**I. BACKGROUND**

This motion arises from Plaintiff informing Defendant that he was unable to attend his Court ordered in-person deposition, set for December 15, 2025. The Court summarized the issue in a previous order, ECF No. 54, pgs. 1-3, and incorporates that summary by reference.

/ / /

/ / /

1

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), and Local Rule 230, requesting "reimbursement of the costs Defendant incurred due to Plaintiff's cancellation of his court-ordered deposition." ECF No. 55-1, pg. 1. Defendant asserts they "confirmed the deposition with the court reporter and videographer on Friday, December 12, 2025, the business day before Plaintiff's court-ordered deposition, as well as with Plaintiff." Id. at 3. Despite this confirmation, Defendant contends that "Plaintiff cancelled his court-ordered deposition in-person on Sunday, December 14, 2025," by which time "[i]t was too late to cancel the costs of the court reporter and videographer." Id. Defendant attaches the invoice from the cancelled services, which reflects a total cost of $1,208.75. See ECF No. 55-2. This total includes a $500.00 cancellation fee and videographer attendance fee of $236.25, which is charged at a quantity of 3, totaling $708.75. See id.

Plaintiff argues that Defendant's motion should be denied "because Plaintiff did not fail to appear for his deposition, because Defendant's demand of "attendance fees" for three (3) videographers is unreasonable, and because Defendant's motion fails procedurally." ECF No. 57, pg. 1. Plaintiff asserts that he "did not arbitrarily cancel his deposition . . . Rather, Plaintiff agreed to proceed with his deposition via Zoom, or to reschedule it." Id. Plaintiff asserts that "Defendant chose to cancel Plaintiff's deposition . . . [despite the fact that] Plaintiff would have gladly worked with Defendant to facilitate his deposition directly and bilaterally." Id.

Next, Plaintiff challenges the costs as unreasonable because "Defendant is requesting attendance fees for **three (3)** videographers." Id. at 5 (emphasis in original) (citing Plaintiff Exhibit 8; Invoice). Plaintiff asserts that because only one videographer attended the deposition and that Defendant only spoke of one videographer, the cost should only be for one videographer. See id.  Plaintiff additionally states that because Defendant's counsel stated in an email to Plaintiff that Defendant's counsel had already informed the videographer the deposition was cancelled. See id. (citing ECF No. 57-1, pg. 17). Finally, Plaintiff argues that Defendant's motion "fails procedurally," because Defendant did not satisfy the Rule 37 meet and confer requirement nor are Rule 54 sanctions appropriate because final judgment has not been entered. Id. at 6.

## II. DISCUSSION

Federal Rule of Civil Procedure 37 addresses when a party fails to make disclosure or to cooperate with discovery, including appropriate sanctions. As relevant here, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "A motion for an order to a party must be made in the court where the action is pending." Fed. R. Civ. P. 37(a)(2).

Regarding depositions, "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Plaintiff was ordered to appear in-person on Monday, December 15, 2025, at 10:00 a.m. See ECF No. 43. Thus, Plaintiff's decision to not attend in-person, as ordered by this Court, required relief from the Court, which must be made with a motion or filing on the docket. See L. R. 233 (setting the procedure for Motions for Administrative Relief, including requests to alter a discovery schedule). Plaintiff never sought relief from the Court order. Plaintiff makes clear that he included a court clerk in his email sent Sunday, December 14, 2025, 4:47 p.m., informing Defendant that he was unable to attend the in-person deposition. See ECF No. 57-1, pg. 3. However, due to it being a Sunday, when the Court is closed, the Court was not made aware of Plaintiff's intent to not appear, until Court opened Monday morning. Plaintiff does not provide a sufficient explanation for why he did not inform Defendant or file a motion for relief from the Court's order to appear in-person, when he began feeling sick on December 11, 2025, nor when he had a doctor's note indicating Plaintiff could not appear in-person on Saturday, December 13, 2025. Further, Defendant emailed Plaintiff and Court staff about the timing of the deposition on

3

December 12, 2025, and Plaintiff provided no indication at that time that Plaintiff may be too sick to attend or would otherwise be seeking to change the format of the deposition. See ECF No. 49-1, pgs. 8-10.

Thus, the Court rejects Plaintiff's representation that it was Defendant who cancelled the deposition. Plaintiff informed Defendant that he would not comply with the Court's order to appear in-person for the deposition at 4:47 p.m. on Sunday, December 14, 2025. Plaintiff never requested relief from the Court Order and therefore, Defendant took the proper course of action to determine that Plaintiff's decision to not appear meant the deposition was cancelled. Indeed, as the Court noted in the prior order, ECF No. 54, pg. 4, Defendant's decision not to drive to Redding, where the deposition was scheduled, saved resources that Plaintiff may have also been responsible for. Thus, the undersigned finds that Plaintiff's acts and omissions with regard to the deposition necessarily resulted in the cancelation of the deposition the evening before it was ordered to happen.

Defendant "actually incurred" cancellation fees, totaling $1,208.75. ECF No. 58, pg. 1. Defendant asserts that these costs were the "cancellation fee and minimum attendance fee for the videographer." Id. Thus, the Court finds these costs reflect the contractually agreed upon cancellation costs. Plaintiff challenges this cost as unreasonable because Plaintiff assumes the invoice shows a charge for three videographers, but the Court finds the videographer cost reflects the hourly rate for the videographer. Thus, the quantity of three is the cost of three hours for one videographer, not three videographers. Upon Defendant's representation, this minimum rate was required pursuant to the contract agreement in the event of cancellation. Regardless, it is the amount Defendant actually incurred as a result of Plaintiff's late cancellation.

Plaintiff cancelled the deposition the evening before, on a Sunday, and therefore, the Court finds it reasonable that Defendant had to pay a cancellation fee as there was insufficient time to cancel or reschedule. As the Court has noted multiple times, Plaintiff states that he felt sick on December 11, 2025, and received a doctor's note on December 13, 2025. It is possible that if Plaintiff had informed Defendant that he may not be well enough to attend the deposition prior to 4:47 p.m. on Sunday, December 14, 2025, that Defendant could have moved the

4

deposition and thereby avoided these cancellation fees. However, it was Plaintiff's choice to wait until the evening before the court-order deposition, which fell on a Sunday. This limited Defendant's options and resulting in a cancellation fee. Indeed, Defendant's counsel's email where he stated that he cancelled the videographer was sent at 6:47 p.m., outside work hours, on Sunday, December 14, 2025. See ECF No. 57-1, pg. 16. Additionally, Defendant's counsel's prior email, at 5:18 p.m., stated "We have already confirmed the court reporter and videographer and those costs of this deposition. I will attempt to cancel them at 6:00 p.m. today (see below), but they were confirmed on Friday, December 12, and I believe we have now incurred those costs." Id. at 15. That email concluded with:

> If you let me know by 6:00 p.m. today, I will appear at the deposition in person on December 15 as noticed. Otherwise, you state quite firmly that you are unable to appear at your deposition on December 15, and so unless I hear from you by 6:00 p.m., I will not appear because you stated that you will not appear.
>
> Id.

Thus, Plaintiff was informed by Defendant's counsel that Defendant may incur cancellation costs due to the late notice. The Court accepts this communication as a sufficient attempt at meet and confer, as required by Fed. R. Civ. P. 37 (d)(1)(B).[1] Finally, the Court finds that Plaintiff cannot establish that "the failure was substantially justified or other circumstances make an award of expenses unjust" because Plaintiff failed to seek relief from his court-ordered obligation for an in-person deposition and Plaintiff waited to inform Defendant that he was sick until it was too late to avoid cancellation costs.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court additionally rejects Plaintiff's argument as to the instant motions alleged procedural errors as the Court directed Defendant to file a motion for costs in a prior order and Defendant timely filed the instant motion in accordance with the Court's directive. See ECF No. 54.

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendant's motion for reasonable cost, ECF No. 55, is GRANTED; and

2.    Plaintiff is ORDERED to pay Defendant the reasonable cancellation cost actually incurred, totaling $1,208.75, within 30 days of the date of this order.


Dated:  February 13, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE