**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASEY LOWE, | No.  2:24-CV-1287-DMC |
| Plaintiff, | |
| v. | ORDER |
| BROOKE ROLLINS, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brought this civil action.  Final judgment was entered in Defendant's favor on March 5, 2026, see ECF No. 67, and Plaintiff has appealed, see ECF No. 75.  Pending before the Court is Plaintiff's motion to re-tax costs. See ECF No. 72.

**I.  PROCEDURAL HISTORY**

Following entry of judgment, Defendant filed a bill of costs.  See ECF No. 68. Plaintiff filed objections, see ECF No. 69, and Defendant filed a response, see ECF No. 70.  On March 31, 2026, the Clerk of the Court taxed costs in the amount of $5,870.14.  See ECF No. 71.  Specifically, costs were taxed in the following amounts: (1) 25.01 for fees for service of summons and subpoena; and (2) 5,845.13 for fees for printed or electronically recorded transcripts.  See id.  Plaintiff timely filed the pending motion to retax costs on April 7, 2026.

1

See ECF No. 72.  Defendant has filed an opposition.  See ECF No. 73.  Plaintiff has filed a reply.  See ECF No. 74.

## II.  DISCUSSION

In his motion to retax costs, Plaintiff argues: (1) $1,745.00 should be disallowed for deposition transcripts which were not used to support Defendant's motion for summary judgment; (2) $1,063.13 should be disallowed for videographer fees associated with Plaintiff's deposition; (3) $580.00 should be disallowed for expedited transcript fees; (4) $157.50 should be disallowed for deposition exhibit copy fees; (5) $25.00 should be disallowed for the cost of a CD-R of Plaintiff's deposition; and (6) $25.01 should be disallowed for fees for service of process.  See ECF No. 72-1.  Alternatively, Plaintiff contends that the Court should exercise its discretion to disallow costs in their entirety due to Plaintiff's limited financial resources and the economic disparity between the parties.  See id.

In her opposition, Defendant concedes that $25.00 for the costs of a CD-R of Plaintiff's deposition is not appropriate.  See ECF No. 73.  As this amount was not originally taxed by the Clerk of the Court, the issue is moot.  Defendant otherwise argues in her opposition brief that each of the other items of costs are appropriate.  See id.  Defendant's brief does not address Plaintiff's alternative argument that costs should be disallowed in their entirety due to financial disparity.

### A.      Discretion to Disallow Costs in Their Entirety

Courts may disallow costs in their entirety when considering the following factors: (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues in the case; (3) the chilling effect on future similar cases; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties.  See Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014).

/ / /

/ / /

/ / /

As to the first and third factors, this case involved limited public importance. While Plaintiff claimed that Defendant violated the law regarding the COVID-19 mandate for federal employees, the COVID-19 pandemic has abated and there is thus no likelihood that the conduct complained of would affect future cases.  Therefore, the Court finds that there is little, if any, chilling effect associated with similar cases should costs be allowed.

As to the second factor, the case did not involve close or difficult issues.  To the contrary, the matter was resolved on summary judgment due to the absence of genuine disputes of material fact.

The fourth and fifth factors favor Plaintiff.  Plaintiff has submitted a declaration indicating his limited financial resources and it is undisputed that Defendant is the representative of the federal government who controls a substantial budget.

On balance, the Court declines to exercise its discretion to disallow costs in their entirety.

**B.      Specific Costs Being Challenged**

1.      Deposition Transcripts ($1,745.00)

"Disallowance of expenses for depositions not used at trial is within the district court's discretion." Robinson v. Kia Motors Am., Inc., 2016 WL 4474505, at *2 (E.D. Cal. Aug. 25, 2016) (citing Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 678 (9th Cir. 1963)). "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Taylor v. Albina Cmty. Bank, 2002 WL 31973738, at *8 (D. Or. Oct. 2, 2002); see also Sea Coast Foods, Inc. v. Lu–Mar Lobster and Shrimp, Inc., 260 F.3d 1054, 1061 (9th Cir. 2001) (in calculating an award of costs, a court may, it its discretion, tax deposition and copying costs even if the items in question were not used at trial).

///

///

///

3

Here, Plaintiff contends that the Court should disallow fees associated with transcripts of depositions which were not submitted in support of Defendant's motion for summary judgment. See ECF No. 72-1, pg.3. This argument is unpersuasive. While some deposition transcripts were not used to support Defendant's motion for summary judgment, the matter was set for trial shortly after hearing on Defendant's motion and, as such, the deposition transcripts were necessarily obtained in preparation of trial. It is not dispositive that the transcripts were not in fact used because the case was resolved prior to trial on summary judgment. Plaintiff's motion will be denied as to $1,745.00 in fees for deposition transcripts obtained in preparation for trial.

2.    Videographer Fees ($1,063.13)

Where a deposition is transcribed and recorded on video, the prevailing party cannot recover videographer fees unless it shows why such fees were necessary. See United States ex rel. Berglund v. The Boeing Co., 2012 WL 697140, at *3 (D. Or. Feb. 29, 2012) (rejecting costs for both stenographic and videographic depositions without explanation for necessity of video deposition); Davico v. Glaxosmithkline Pharms., 2008 WL 624049, at *2 (D. Or. Jan. 23, 2008) ("In short, if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs"); McCallum v. Boise Cascade, LLC, 2008 WL 5111122, at *2 (D. Or. Nov. 28, 2008) (denying costs for videotaping plaintiff's deposition when no explanation was offered in support of the requested cost).

Here, Defendant seeks costs for both the transcript of Plaintiff's deposition as well as videographer fees for the deposition. Defendant does not, however, offer any explanation for the need for a video of the deposition except to say that a video was "necessary for impeachment purposes at trial." ECF No. 73, pg. 2. This explanation is insufficient as the official written transcript would have been sufficient for impeachment purposes. To the extent Plaintiff's demeanor at his deposition might have been an issue, Defendnats do not offer any argument in support of such a contention. Plaintiff's motion will be granted as to $1,063.13 in videographer

4

fees.

### 3.   Expedited Transcript Fees ($580.00)

Generally, costs for expedited transcripts are not allowed where they are obtained merely for the convenience of a party.  See Hall v. FCA US LLC, No. 1:16-CV-0684-JLT, 2018 WL 2298431, at *10 (E.D. Cal. May 21, 2018).  Here, the Court finds that the expedited transcript was obtained for Defendant's convenience.  Plaintiff's motion will be granted as to $580.00 for expedited transcript fees.

### 4.   Deposition Exhibit Copy Fees ($157.50)

Plaintiff asserts that fees associated with copying exhibits attached to his deposition were not necessary because the exhibits were not used at trial or offered in support of Defendant's motion for summary judgment.  Plaintiff also argues that the per-page charge for the copies is patently unreasonable.  The Court agrees and finds that this amount is not recoverable and will grant Plaintiff's motion as to $157.50 for deposition exhibit copy fees.

### 5.   Fees for Service of Process ($25.01)

Plaintiff argues that fees for service of process by mail are not allowable under Local Rule 292(f).  Local Rule 292(f) permits recovery of fees for service by the United States Marshal or another person to the extent such fees do not exceed what the United States Marshal would charge.  See Local Rule 292(f).  Here, in the absence of any information presented to the Court as to what the United States Marshal would charge, the Court finds that Defendant has not established the appropriateness of fees for service of process by mail.  Plaintiff's motion will be granted as to $25.01 in service fees.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's motion to re-tax costs, ECF No. 72, is granted in part and denied in part.

2.     Plaintiff's motion is granted as to: (1) $1,063.13 for videographer fees; (2) $580.00 for expedited transcript fees; (3) $157.50 for deposition exhibit copy fees; and (4) $25.01 for service of process fees.

3.     Plaintiff's motion is otherwise denied.

4.     Subtracting the amounts listed above from the sum previously taxed of $5,870.14, costs in this case are re-taxed in the amount of $4,044.50.

Dated:  June 25, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6